UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEVIE DAVIS,              ) | |
|                            ) | |
|     Petitioner,     ) | |
|                            ) | |
|   v.                        ) | CAUSE NO. 3:06-CV-415-AS |
|                            ) | |
| JOHN R. VanNATTA,          ) | |
|                            ) | |
|     Respondent.     ) | |

*OPINION AND ORDER*

Stevie Davis, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his 180 day loss of good time in case MCF 06-01-0090 on January 17, 2006 by the Conduct Adjustment Board at the Miami Correctional Facility.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

Mr. Davis was found guilty of trafficking in violation of A-113. He attempts to raise three grounds in this challenge. First he argues that the conduct report does not support his conviction based on the definition of trafficking in IND. CODE 35-44-3-9. "[D]ue process requires that he receive advance written notice of the charges," (*Lagerstrom v. Kingston*, ___ F.3d ___, ___ (7th Cir. 2006); 2006 WL 2567516) but it does not require that the conduct report comply with a statutory definition. The conduct report did

provide him with advance written notice of the charges. Therefore this ground cannot be a basis for habeas corpus relief. Furthermore, the conduct report clearly does meet the statutory definition by informing him that Officer Zech admitted to trafficking with him for several months. Though Mr. Davis attempts to mis-direct attention to the tobacco found on Officer Zech when he was confronted by investigators by arguing that tobacco did not enter the facility and was not delivered to him, that tobacco is irrelevant. Even if Officer Zech had been clean when they stopped and questioned him, his statement that he had been trafficking with Mr. Davis for months formed a more than adequate basis for the conduct report. Mr. Davis wrote on the conduct report submitted with his petition that there was no evidence of delivery, but he ignores Officer Zech's statement that he trafficked with Mr. Davis for months.

Second, Mr. Davis argues that the conduct report was filed late, in violation of the Adult Disciplinary Policy. Habeas corpus relief is only available for the violation of a federal right. 28 U.S.C. § 2254(a). This court cannot grant habeas corpus relief based on the violation of a prison rule, therefore in this proceeding, it is not relevant whether it was violated. *See Estelle v. McGuire*, 502 U.S. 62 (1991).

Finally, Mr. Davis argues that the CAB did not view the requested video tape, that he was not given all of the evidence against him, that the CAB did not sign the evidence form, and that the CAB did not conduct a

voice analysis on the monitored telephone calls. Needless to say, Mr. Davis has combined several items into his third ground.

> [D]ue process requires that he receive advance written notice of the charges, the chance to present testimony and documentary evidence to an impartial decisionmaker, and a written explanation, supported by at least "some evidence" in the record, for any disciplinary action taken.

*Lagerstrom v. Kingston,* ___ F.3d ___, ___ (7th Cir. 2006); 2006 WL 2567516. He was not entitled to see all of the evidence against him nor to obtain the signatures of CAB members on an evidence form. See *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) ("no right to confront or cross-examine adverse witnesses in his disciplinary proceeding.") Though Mr. Davis wanted a telephone voice analysis, an inmate is not constitutionally entitled to such testing as a part of a disciplinary hearing. *See Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988).

Mr. Davis argues that prison security video tapes should have been viewed because they were exculpatory and would show him not trafficking. Ostensibly, Mr. Davis would have the CAB view months and months of video because he evidently believes that no video tape exists showing him trafficking with Officer Zech. In addition to the ridiculous nature of such a request, video of Mr. Davis doing nothing is not even relevant. Irrelevant, repetitive, or unnecessary evidence need not be considered. *Pannell v. McBride,* 306 F.3d 499, 503 (7th Cir. 2002). Neither Mr. Davis nor Officer Zech were observed every minute for month after month even if they were under observation during the investigation. Neither did trafficking require

direct contact between them. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

Here, Officer Zech's statement is some evidence that Mr. Davis was trafficking. What Mr. Davis is really complaining about is that the CAB did

not present a complete chain of custody and did not foreclose every imaginable possibility. Federal due process does not set such a high standard for their determinations.

For the foregoing reasons, the court **DENIES** this petition, and **DISCHARGES** the respondent from any obligation to respond to this court's order to show cause.

**IT IS SO ORDERED.**

**ENTERED: October  4 , 2006**

                                       **S/ ALLEN SHARP**
                                       **ALLEN SHARP, JUDGE**
                                       **UNITED STATES DISTRICT COURT**